UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO MURRAY, *Pro Se*, | ) | Case No.: 1:17 CV 1290 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| EUCLID CITY POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

## I. INTRODUCTION

Currently pending before the court in the above-captioned case is Defendant Euclid City Police Department's ("ECPD") Motion to Dismiss (ECF No. 13) for failure to state a claim upon which relief can be granted. For the following reasons, Defendant's Motion to Dismiss is granted.

## II. BACKGROUND

On June 20, 2017, *Pro Se* Plaintiff Alonzo Murray ("Plaintiff") filed this civil action against multiple Defendants, including ECPD, pursuant to 42 U.S.C. § 1983, alleging constitutional deprivations stemming from events occurring on or about October 4, 2016, at the Cleveland Clinic Euclid Hospital ("CCEH"). (Compl., ECF No. 1.)

According to the Complaint, Plaintiff turned himself in to a Federal Officer on or about October 4, 2016. (*Id.* at 5.) That Federal Officer called ECPD, whose officers arrived, handcuffed Plaintiff, and took him to CCEH. (*Id.*) Plaintiff alleges that, once at the hospital, his hands were

physically restrained to a hospital bed and he was stripped naked in front of several people in a room with an open door. (*Id.*) Plaintiff further alleges that he was made to urinate in a hospital bed urinal while a male nurse held his penis and that his blood was drawn against his will. (*Id.*) Plaintiff also alleges that, when he initially refused to have his blood drawn, a ECPD officer drew his taser, cursed Plaintiff out, and threatened to tase Plaintiff if he did not cooperate. (*Id.*) Plaintiff alleges that as a result of the "humiliation, religious/spiritual deprivation, human degridation (sic) [, and] mental anguish" he experienced during the incident at EECH, he has suffered nightmares, which have disrupted his sleep and caused him to have a feeling of "spiritual impurity" because he is now "unclean." (*Id.*) Plaintiff is seeking two million dollars in damages. (*Id.*) On October 31, 2017, ECPD filed its Motion to Dismiss the Complaint against it for failure to state a claim upon which relief can be granted. (ECF No. 13.) Plaintiff failed to respond.

### III. LAW AND ANALYSIS

The court examines the legal sufficiency of Plaintiff's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009) clarified the law regarding what a plaintiff must plead in order to survive a motion made pursuant to Rule 12(b)(6) .

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true."*Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court, in *Iqbal,* further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A plaintiff may bring a § 1983 civil action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States…" 42 U.S.C. § 1983. Thus, to establish a prima facie case under the statute, a plaintiff must assert that the person: (1) was acting under color of state law; and (2) deprived him or her of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

While municipalities are "persons" for the purposes of § 1983, they cannot be found liable merely because one of their employees is a tortfeasor. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). In other words, there is no doctrine of *respondeat superior* in § 1983 jurisprudence.

*Id.* For a government entity to be held liable in a § 1983 suit, the plaintiff must show that "the entity itself is a 'moving force' behind the deprivation." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981); *Monell*, 436 U.S. at 694). Under *Monell*, in order to establish municipality liability, a plaintiff must demonstrate that: (1) they were deprived of a constitution right; (2) the municipality had a "policy" or "custom"; and (3) the policy was "the moving force" behind the constitutional violation. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 1000 (6th Cir. 1994) (quoting *Monell*, 436 U.S. at 658).

Even when construed liberally, Plaintiff's Complaint does not plead facts sufficient to maintain a § 1983 claim against ECPD. At most, Plaintiff has alleged facts that hint at the possibility that an unknown ECPD officer engaged in intimidating behavior. However, even assuming a constitutional deprivation occurred, nothing within Plaintiff's Complaint suggests that ECPD had a policy that was the moving force behind the alleged deprivation.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is granted. The court hereby dismisses the Complaint against ECPD only.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 13, 2017